IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **WELLS FARGO BANK, N.A.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | Civil Action No.  4:20-cv-00564-O |
| | § | |
| **DOROTHY ANN NELMS,** | § | |
| | § | |
| **Defendant.** | § | |

**OPINION & ORDER**

This case arises out of a foreclosure dispute. Having reopened the case, Plaintiff's Motion

for Summary Judgment is before the Court (ECF No. 27). In its Motion for Summary Judgment,

Plaintiff argues that it should be able to proceed with foreclosure of Defendant's property because

her Loan Agreement is in default as of December 1, 2019, and Plaintiff is the holder and owner of

the Loan Agreement. Defendant, who is *pro se*, did not respond, even after being prompted (ECF

No. 30). As such, the issue regarding whether Plaintiff may proceed with foreclosure of

Defendant's property is ripe for review.

Having reviewed the briefing, evidence, and applicable caselaw, the Court determines that

Plaintiff's Motion for Summary Judgment should be **GRANTED**. Specifically, the Court finds

that: (1) Plaintiff has presented sufficient evidence to warrant proceeding with foreclosure on

Defendant's property; (2) Plaintiff, as the owner and holder of the Note and beneficiary of the

Security Instrument, is entitled to proceed with foreclosure against the Property in accordance with

the Loan Agreement and the Texas Property Code; (3) Plaintiff is entitled to reasonable and

necessary attorney's fees against Defendant, secured by the Loan Agreement, pursuant to FED. R.

CIV. P. 54 and pursuant to the terms of the loan documents executed by Borrowers; and (4) Plaintiff

is entitled to judgment declaring that the following are secured by the Texas Home Equity Security Instrument on the Property: (a) the outstanding balance of the Texas Home Equity Note; (b) prejudgment interest; (c) post-judgment interest from the date of judgment until paid; and (d) costs of court.

## BACKGROUND[1]

Following are the undisputed facts of this case. In May of 2002, Decedents Joseph Nelms and Sondra Nelms ("Borrowers") executed an $80,000 Texas Home Equity Note (the "Note") payable to New Century Mortgage Corporation bearing interest at the rate of 10.000% per annum. At the same time, Borrowers executed a Texas Home Equity Security Instrument (the "Security Instrument," and together with the Note, the "Loan Agreement") as grantor, granting New Century Mortgage Corporation a security interest in the Borrowers' real property and improvements located in Parker County, Texas, commonly known as 376 Johnson Bend Road, Weatherford, Texas, 76088.[2] The property has been described more particularly as:

> LOT 6, OF CRAZY HORSE RANCHOS, AN ADDITION TO THE CITY OF WEATHERFORD, PARKER COUNTY, TEXAS, ACCORDING TO THE PLAT THEREOF RECORDED IN VOLUME 360-A, PAGE 57, OF THE PLAT RECORDS OF PARKER COUNTY, TEXAS

(the "Property"). On June 17, 2002, the Security Instrument was recorded in the Real Property Records for Parker County, Texas under Document No. 00449055.

Subsequently, the Loan Agreement was transferred to Plaintiff Wells Fargo Bank, National Association, as the result of a merger between New Century Mortgage Corporation and Wells

---

[1] All the relevant facts pertaining to Plaintiff's Motion are undisputed. Accordingly, the Court draws from the briefing submitted by Plaintiff for this recitation of the factual background, unless otherwise specified. *See* Br. in Supp. of Pl.'s Mot., ECF No. 28.

[2] Plaintiff's Brief supporting its Motion for Summary Judgment incorrectly states the zip code for Defendant's property as "76086," however, the appendix Plaintiff cites clearly states the correct zip code as "76088." *See* Pl.'s Br. 1, ECF No. 28 at 4 (incorrect zip code); *but see* Pl.'s App. 3, Ex. A, ECF No. 29-1, at 3 (correct zip code).

Fargo Bank Minnesota, National Association, as Trustee f/k/a Norwest Bank Minnesota, National Association, as Trustee for Morgan Stanley Dean Witter Capital I Inc. Trust 2002-NC3. The transfer was executed on February 26, 2020 and recorded in the Real Property Records for Parker County, Texas.

Both Joseph Nelms and Sondra Nelms passed away in 2018 and 2019, respectively, with their corresponding heirs acquiring all their property interests—subject to the Loan Agreement debt owed to Plaintiff. Despite them having the use, benefit, and enjoyment of the Property, the heirs who acquired the Property failed to make payments on the Note or comply with the covenants of the Security Instrument.

Since December 1, 2019, the Loan Agreement has been in default, and Plaintiff served a Notice of Intention to Foreclose ("Notice of Default") to Sondra Nelm's Estate on January 22, 2020, in accordance with the Loan Agreement and the Texas Property Code. The default was not cured, so Plaintiff further served a Notice of Acceleration of Loan Maturity ("Notice of Acceleration") to the Borrowers' Estate on April 14, 2020. However, Defendant never cured the default, leaving the payoff amount at $72,558.17.

## **LEGAL STANDARDS**

Summary judgment is appropriate only where the pleadings and evidence show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). Summary judgment is not "a disfavored procedural shortcut," but rather an "integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986) (quoting FED. R. CIV. P. 1). A genuine dispute of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty*

*Lobby, Inc.*, 477 U.S. 242, 248 (1986). "[T]he substantive law will identify which facts are material." *Id.* The movant must inform the court of the basis for its motion and identify the portions of the record that reveal there are no genuine disputes of material fact. *Celotex*, 477 U.S. at 323.

The court must view the evidence in the light most favorable to the nonmovant. *Ion v. Chevron USA, Inc.*, 731 F.3d 379, 389 (5th Cir. 2013). "Moreover, a court must draw all reasonable inferences in favor of the nonmoving party and may not make credibility determinations or weigh the evidence." *Id.* And if there appears to be some support for disputed allegations, such that "reasonable minds could differ as to the import of the evidence," the court must deny the motion for summary judgment. *Anderson*, 477 U.S. at 250. "[Y]et the nonmovant may not rely on mere allegations in the pleadings; rather, the nonmovant must respond to the motion for summary judgment by setting forth particular facts indicating that there is a genuine issue for trial." *Caboni v. Gen. Motors Corp.*, 278 F.3d 448, 451 (5th Cir. 2002) (cleaned up). "After the nonmovant has been given an opportunity to raise a genuine factual issue, if no reasonable juror could find for the nonmovant, summary judgment will be granted." *Id.*

## ANALYSIS

Plaintiff advances four points in its summary judgment motion. First, Plaintiff provides evidence that the four-prong test laid out in *Singleton v. U.S. Bank Nat'l Ass'n* is met, thus allowing them to enact foreclosure under the Security Instrument. No. 4:15-CV-100-A, 2016 WL 1611378, at *7 (N.D. Tex. Apr. 20, 2016). Second, Plaintiff shows it is the proper party to proceed with foreclosure against the Property in accordance with the Loan Agreement and Texas Property Code. Third, Plaintiff contends that it is entitled to attorney's fees against Defendant pursuant to FED. R. CIV. P. 54 and the terms of the loan documents. Finally, Plaintiff claims it is entitled to judgment declaring that the Security Instrument entitles them to (a) the outstanding balance of the Texas

Home Equity Note, (b) prejudgment interest, (c) post-judgment interest from the date of judgment until paid, and (d) costs of court. Defendant has failed to respond to any of these points.

First, for a lender in Texas to enact foreclosure under a security instrument with a power of sale, they must show that: "(1) a debt exists; (2) the debt is secured by a lien created under Art. 16 § 50(a)(6) of the Texas Constitution; (3) [the landowner is] in default under the note and security instrument; and (4) [the landowner] received notice of default and acceleration." *Singleton*, 2016 WL 1611378, at *7 (quoting *Huston v. U.S. Bank Nat'l Ass'n*, 988 F. Supp. 2d 732, 740 (S.D. Tex. 2013), *aff'd*, 583 F. App'x. 306 (5th Cir. 2014)).

Despite being prompted, Defendant has failed to attempt to dispute any of these elements. Prong one is satisfied because Borrowers executed the Note on May 23, 2002 in the amount of $80,000 in favor of New Century Mortgage Corporation, bearing interest at a yearly rate of 10.0000%.[3] Prong two is satisfied because Borrowers concurrently executed the Security Instrument with the Note as grantors, granting a security interest in the Property to New Century Mortgage Corporation.[4] Prong three is satisfied because the Loan Agreement requires payment of the principal and interest when due,[5] yet Defendant has failed to make any payments since December 1, 2019.[6] In the event of a failure to make payments, the Loan Agreement provides that the lender may enforce the Security Instrument by selling the Property.[7] Lastly, prong four is satisfied because Plaintiff sent both the Notice of Default and the Notice of Acceleration to Sondra Nelm's Estate.[8]

---

[3] Pl.'s App. 8, Ex. A-1, ECF No. 29-1.
[4] Pl.'s App. 17, Ex. A-2, ECF No. 29-1.
[5] Pl.'s App. 12, Ex. A-1 at ¶ 3 (A), ECF No. 29-1.
[6] Pl.'s App. 41, Ex. A-4, ECF No. 29-1.
[7] Pl.'s App. 29, Ex. A-2 at ¶ 22, ECF No. 29-1.
[8] Pl.'s App. 43-53, Ex. A-5, A-6, ECF No. 29-1.

Second, Texas has codified what was once a common law principal that the mortgage follows the note. Tex. Bus. & Com. Code § 9.203(g). Additionally, Chapter 51 of the Texas Property Code requires that a mortgagee must be one who is the grantee, beneficiary, owner, or holder of a security instrument, or be the last one to whom the security interest was assigned via public record. Here, Plaintiff is both the holder and owner of the Note, and it has physical possession of the Note.[9] Further, Plaintiff was the last entity to which the security was assigned as a matter of public record.[10] Thus, Plaintiff is the proper party to enforce the foreclosure under the Loan Agreement.

Third, under FED. R. CIV. P. 54(d)(2), Plaintiff, as the prevailing party in this suit, is entitled to attorney's fees because they are authorized under Tex. Civ. Prac. & Rem. Code § 38.001 for foreclosure and breach of contract. Plaintiff is further entitled to attorney's fees pursuant to the terms of the Note and Security Instrument.[11] Importantly, Plaintiff requests that the award of attorney's fees be made not as a money judgment against Defendant, but as a further obligation owed by Defendant under the subject Note and Security Instrument. That request is approved.

Fourth, the Texas Finance Code authorizes a money judgment for post-judgment interest "at a rate equal to the lesser of: (1) the rate specified in the contract, which may be a variable rate; or (2) 18 percent a year." Tex. Fin. Code § 304.002. Here, the Note bears interest at a yearly rate of 10.0000%.[12] The Note has additional provisions entitling the Plaintiff to all costs and expenses enforcing the Note.[13] Thus, Plaintiff is entitled to (a) the outstanding balance of the Texas Home Equity Note; (b) prejudgment interest; (c) post-judgment interest from the date of judgment until

---

[9] Pl.'s App. 3, Ex. A ¶ 4, ECF No. 29-1; Pl.'s App. 8-15, Ex. A-1, ECF No. 29-1.
[10] Pl.'s App. 38-39, Ex. A-3, ECF No. 29-1.
[11] Pl.'s App. 10, Ex. A-1 ¶ 6 (E), ECF No. 29-1.
[12] Pl.'s App. 8, Ex. A-1, ECF No. 29-1.
[13] Pl.'s App. 10, Ex. A-1 ¶ 6 (E), ECF No. 29-1.

paid at a rate of 10.0000%; and (d) costs of court. Once again, this award is not made as a money judgment against Defendant, but as a further obligation owed by Defendant under the subject Note and Security Instrument.

## CONCLUSION

For the reasons stated herein, Plaintiff's Motion for Summary Judgment (ECF No. 27) is hereby **GRANTED**. Final judgment shall issue consistent with this opinion.

**SO ORDERED** on this **24th** of **July, 2023**.

Reed O'Connor
**UNITED STATES DISTRICT JUDGE**